UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT SARRO and ROBERT GIALLANZO, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>THE CITY OF NEW YORK,<br><br>Defendant. | CIVIL ACTION<br>CASE NO: 19 CV 11596<br><br>**ACTION UNDER**<br>**29 U.S.C. § 203** *et seq.*<br><br>**COMPLAINT** |

Named Plaintiffs, ROBERT SARRO and ROBERT GIALLANZO, on behalf of themselves and all other persons similarly situated (collectively "Plaintiffs"), employees currently or formerly employed by The City of New York ("Defendants") by and through their attorneys, Virginia & Ambinder, LLP, allege as follows:

## NATURE OF ACTION

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206, 207, and 216(b) to recover earned but unpaid overtime compensation owed to the Named Plaintiffs and members of the Putative Collective for services performed while employed by Defendants; specifically, to recover earned but unpaid "Compensatory Time."

2. Beginning in approximately December 2016 and continuing to the present, Defendants engaged in a policy and practice of failing to pay Plaintiffs and Putative Collective Members for the Compensatory Time which they had earned, in violation of the FLSA and its implementing regulations.

3. The Named Plaintiffs have initiated this action on behalf of themselves all persons similarly situated to recover payment for the earned but unused Compensatory Time overtime compensation that they were deprived of, plus interest, damages, attorneys' fees, and costs.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the claims in this action, pursuant to the provisions of 28 U.S.C. §§ 1331, 1337, and 1343.

5. This Court has subject matter jurisdiction over Plaintiffs' claims under the FLSA, pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendants' principal place of business is in this district.

7. Defendants constitute "enterprise[s] engaged in commerce" with a gross volume of business done that is in excess of $500,000.00

## PARTIES

8. Named Plaintiff Robert Sarro is a resident of the State of New York. Plaintiff Sarro was formerly employed by the City of New York with the Department of Transportation as an Operating Engineer until his retirement in or about February of 2019, and was a member of the International Union of Operating Engineers, Local 15.

9. Named Plaintiff Robert Giallanzo is a resident of the State of New York. Plaintiff Giallanzo was formerly employed by the City of New York with the Department of Transportation as a member of Local 1157 of the American Federation of State, County, and Municipal Employees, District Council 37, until his retirement in or about November of 2019.

10. Each individual Plaintiff is an "employee" as contemplated by the FLSA, 29 U.S.C. § 203(e).

11. Defendant, The City of New York, is a municipal corporation duly organized and existing under the Constitution and laws of the State and City of New York.

12. Defendant, The City of New York, is a judicial entity amenable to suit under the FLSA as it is, and was at all relevant times, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. §203(x).

13. Pursuant to N.Y.C. Charter § 396, the City of New York is the proper Defendant in this action.

14. Defendant was Plaintiffs' "employer[s]" as contemplated by the FLSA, 29 U.S.C. § 203(d).

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

16. The putative collective consists of the individuals who have opted-in to this action to date, as well as all similarly situated individuals who worked for Defendant who received "Compensatory Time" in lieu of overtime payments pursuant to 29 U.S.C. § 207(o).

17. Plaintiffs and the Putative Collective were non-exempt employees eligible to be paid for every hour worked including overtime compensation for those hours worked over forty in a week.

18. Plaintiffs and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA by failing to provide overtime wages at the rate of one and one half times the regular rate of pay, for all time worked in excess of forty (40) hours in any given week pursuant to 29 U.S.C. § 207, through the failure to provide payment for accrued but unused Compensatory Time in violation of 29 C.F.R. §§ 553.22 *et seq*.

19. 29 C.F.R. § 553.27(b) requires that "Upon termination of employment, an employee shall be paid for unused compensatory time earned after April 14, 1986, at a rate of compensation not less than – (1) The average rate received by such employee during the last 3 years of the

employee's employment, or (2) The final regular rate received by such employee, whichever is higher."

20. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and members of the Putative Collective by failing to provide payment for unused compensatory time at the termination of Plaintiffs and others similarly situated's employment.

21. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all members of the Putative Collective.

22. The Putative Collective is so numerous that joinder of all members is impracticable. Although the precise number of Putative Collective members is unknown, upon information and belief, the size of the Putative Collective is believed to be in excess of 1000 individuals. In addition, the names of all potential members of the Putative Collective are not known.

23. The questions of law and fact common to the putative collective predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: whether Defendant failed to pay the Plaintiffs and members of the putative collective their earned but unused compensatory time at the time of termination of their employment in accordance with the requirements of 29 C.F.R. § 553.27 and other Federal laws and regulations.

24. The claims of Plaintiffs are typical of the claims of the Putative Collective.

25. The Plaintiffs and their counsel will fairly and adequately protect the interests of the Putative Collective. The Plaintiffs have retained counsel experienced in complex wage and hour class action litigation.

26. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy. The members of the Putative Collective lack the financial

resources to adequately prosecute separate lawsuits against Defendant. A collective action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies and practices.

## FACTS

27. Pursuant to the FLSA, 29 U.S.C. 207, "no employer shall employ any of their employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives overtime compensation for their employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

28. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

29. Pursuant to 29 U.S.C. § 207(o), "Employees of a public agency which is a State [or] a political subdivision of a State…may receive, in accordance with this subsection and in lieu of overtime compensation, compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required by this section."

30. Plaintiffs and other members of the Putative Collective are "employees," within the meaning contemplated in the FLSA, 29 U.S.C. § 203(e).

31. Defendants are "employer[s]" within the meaning contemplated in the 29 U.S.C. § 203(d), and consequently are liable for violations of the FLSA.

32. Defendants have engaged in a pattern and practice of failing to pay Plaintiffs and other similarly situated for their earned but unpaid compensatory time at the time of termination of their employment, in violation of 29 C.F.R. § 553.27 and the FLSA.

33. At the time of his retirement, Named Plaintiff Sarro had approximately 800 hours of accrued earned but unused compensatory time pursuant to 29 U.S.C. § 207(o).

34. Plaintiff Sarro was not paid for any of his earned but unused compensatory time at the time of his retirement, in violation of 29 C.F.R. § 553.27.

35. At the time of his retirement, Named Plaintiff Giallanzo had approximately 780 hours of accrued earned but unused compensatory time pursuant to 29 U.S.C. § 207(o).

36. Plaintiff Giallanzo was not paid for any of his earned but unused compensatory time at the time of his retirement, in violation of 29 C.F.R. § 553.27.

37. Throughout the relevant period, Defendants have undertaken a willful policy and practice of violating the FLSA by failing to pay Plaintiffs for their earned but unused compensatory time at the time of their termination of employment.

### FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT: FAILURE TO PAY FOR UNUSED COMPENSATORY TIME

38. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

39. Defendants have repeatedly engaged in a pattern and practice of failing to pay Plaintiffs and other members of the Putative Collective all earned compensatory time at the rate of one and one half time the regular rate of pay in accordance with 29 C.F.R. § 553.27.

40. Compensatory time is provided to Plaintiffs and others similarly situated in lieu of overtime payments pursuant to 29 U.S.C. § 207(o).

41. By failing to pay Plaintiffs for their accrued earned but unused compensatory time at the time of the termination of their employment, Defendants have violated the Fair Labor Standards Act by failing to pay all earned overtime payments due under 29 U.S.C. § 207.

42. The failure of Defendants to pay Plaintiffs and members of the Putative Collective their rightfully owed overtime compensation was willful.

43. By the foregoing reasons, Defendants are liable to Plaintiffs and members of the Putative Collective in an amount to be determined at trial, constituting liquidated damages in the amount equal to the amount of unpaid wages owed each pay period to each individual Plaintiff or opt-in Plaintiff, plus interest, attorneys' fees and costs.

**WHEREFORE**, the Plaintiffs demand judgment:

(1)　on their First cause of action, in an amount to be determined at trial, constituting the amount equal to the amount of earned but underpaid overtime wages each pay period to each individual Plaintiff or opt-in Plaintiff, plus interest, liquidated damages, attorneys' fees, and costs; and

(2)　any other and further relief the Court may deem appropriate.

Dated: New York, New York
　　　　December 18, 2019

　　　　　　　　　　　　　　　　　VIRGINIA & AMBINDER, LLP

　　　　　　　　　　　　　　　　　By:　　/s/Lloyd Ambinder, Esq.
　　　　　　　　　　　　　　　　　　　　Lloyd Ambinder, Esq.
　　　　　　　　　　　　　　　　　　　　James Emmet Murphy, Esq.
　　　　　　　　　　　　　　　　　　　　Michele Moreno, Esq.
　　　　　　　　　　　　　　　　　　　　40 Broad Street, 7th Floor
　　　　　　　　　　　　　　　　　　　　New York, New York 10004
　　　　　　　　　　　　　　　　　　　　(212) 943-9080

　　　　　　　　　　　　　　　　　*Attorneys Plaintiffs and the Putative Collective*